No. 95.—GEORGE W. GREEN, plaintiff in error, *vs.* EDWARD CAREY, assignee, &c. defendant.

[1.] Where a bill was filed by a judgment creditor of a bank against the assignee thereof, to account for the assets of the bank, which came into his hands as such assignee: *Held,* that when the defendant has in his power, the means of acquiring the information necessary to make the discovery called for, he is bound to make use of such means, whatever pains or trouble it may cost him.

In Equity, in Muscogee Superior Court.    Decisions of Judge IVERSON.    November Term, 1852.

The decision of this case, affirming a single principle of law, the facts are sufficiently set forth in the opinion of the Court.

JOHNSON & PATTERSON, for plaintiff in error.

WILLIAMS & HOWARD, and DOUGHERTY, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was a bill filed by the plaintiff in error, who is a judgment creditor of the bank of Columbus, against the defendant, as the assignee of that bank, requiring him to account for the assets of the bank which had come into his hands.

The only question made for our judgment is, as to the sufficiency of the defendant's answer.    When the defendant filed his answer, the complainant excepted to various portions thereof; some of the exceptions were sustained by the Court below, and others were overruled.    To the judgment of the Court below, overruling the exceptions taken to the defendant's answer, the complainant excepted, and now assigns the same for error here. Upon looking into the answer of the defendant, and the allegations in the complainant's bill, we are of the opinion, that the Court below erred in overruling several of the exceptions taken to the defendant's answer.

In *Beall vs. Blake et al.* 10 *Georgia Rep.* 449, it was held, that when a defendant in Equity has in his power the means of acquiring the information necessary to enable him to make the discovery called for, he is bound to make use of such means, whatever pains or trouble it may cost him. It is therefore ordered and adjudged, that the judgment of the Court below be reversed, on the ground that the Court erred in overruling the third, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, eighteenth, nineteenth, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-ninth, exceptions to defendant's answer.